**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUN YU,

Petitioner,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 20-72135

Agency No.
A205-742-969

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 25, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Chun Yu seeks review of the decision of the Board of Immigration Appeals

("BIA") dismissing her appeal of an Immigration Judge's ("IJ") order denying her

application for asylum and withholding of removal.[1] We have jurisdiction under 8

U.S.C. § 1252. We deny the petition.

Substantial evidence supports the agency's determination that Yu did not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] For simplicity, we refer to the IJ and BIA collectively as "the agency."

establish eligibility for asylum or withholding of removal. As the agency determined, there are "implausibilities and inconsistencies between [Yu's] testimony and the documents submitted." "[U]nder the totality of the circumstances," those implausibilities and inconsistencies "are sufficient to support the adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (citation omitted) (while one piece of evidence "alone might not" have been enough, combined inconsistencies in asylum and visa applications supported adverse credibility determination).

Furthermore, as the agency also determined, Yu did not provide sufficient corroborating evidence to "rehabilitate h[er] testimony" and establish her eligibility for asylum or withholding of removal. *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Nor did Yu provide "an explanation for its absence." *Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018). Without credible testimony or sufficient corroborating evidence, Yu cannot show that the record compels the conclusion that she is eligible for asylum or withholding of removal. *See id.*; *Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011).[2]

**PETITION DENIED.**

---

[2] For the same reasons, we deny Yu's motion to stay removal (Dkt. No. 1).